UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEONTRA BOWENS                                                                    PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 1:17CV327-RHW

FRANKLIN D. BREWER et al                                                          DEFENDANT

## MEMORANDUM OPINION & ORDER

Plaintiff Deontra Bowens, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging unconstitutional conditions of confinement and inadequate medical care. The incidents giving rise to Bowens' claims occurred while he was incarcerated at the Stone County Regional Correctional Facility (SCRCF). Bowens alleges on July 17, 2017, he sustained a head injury when he slipped and fell while working in the kitchen at SCRCF as a result of a known hazardous condition. According to Bowens, the kitchen floor was wet and greasy. He also alleged he should have been provided slip-resistant work boots to prevent accidents such as the one that occurred. According to Bowens, Defendants Franklin D. Brewer, Eddie Rogers, Mike Farmer and Johnnie Muldrew all were aware he did not have proper work boots at the time of the incident. As a result of the fall, Bowens alleges he suffered serious headaches, loss of memory, and vision impairment. Bowens further asserts a claim for delay or denial of medical care by Defendants Nurse Susan Cooper and Officer Rodney Parker.

## Law and Analysis

### Summary Judgment Standard

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627

F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Failure to Exhaust**

Defendants argue Plaintiff did not exhaust administrative remedies prior to filing his lawsuit. Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in

2

any jail, prison, or other correctional facility until such administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal". *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement. The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

SCRCF has its own administrative remedy procedures. *See* Doc. [68-3]. Although Bowens contends that he exhausted administrative remedies, the evidence of record proves otherwise. Bowens filed an ARP-1 on August 8, 2017, regarding the slip-and-fall incident, which was rejected at Step One. Doc. [72-1] at 75-80. Bowens' jail file does not contain any evidence he proceeded past the Step One Response, as confirmed by the affidavits of Defendants Brewer and Rogers who conducted searches of Bowen's jail file. Doc. [68-4]. Bowens points to a letter dated October 12, 2017, from Joseph Cooley, Investigator with the Mississippi

Department of Corrections ARP Program. Cooley states "[i]f you are wanting to take your claim to court your rejected ARP serves to show you exhausted the ARP process." Doc. [77-4]. Bowens' reference to an MDOC remedy does not demonstrate that he fulfilled the exhaustion requirement for grievance procedures at SCRCF. In his amended complaint, Bowens again points to the August 8, 2017, ARP; and also to a "90 Day Notice" pursuant to § 11-46-11, which he submitted on October 25, 2017. Doc. [6] at 7-8. Bowens' submission of a "90 Day Notice" pursuant to § 11-46-11 does not implicate the prison's exhaustion requirements. This particular statutory provision relates to notice provisions under the Mississippi Tort Claims Act and has no bearing on exhaustion of prison remedies. *See Suddith v. Univ. of S. Miss.*, 977 So.2d 1158, 1177-78 (Miss.Ct.App. 2007). Bowens does not allege in the complaint or amended complaint that he completed the ARP process as provided at SCRCF. He merely initiated the process. Accordingly, his lawsuit should be dismissed for failure to exhaust administrative remedies.

**Slip and Fall**

Even assuming *arguendo* that Bowens exhausted administrative remedies at SCRFC, his claims lack constitutional merit. He alleges prison officials were aware of a hazardous condition (wet, greasy floor) in the kitchen where Bowens worked. After working in the kitchen for approximately three months, the hazardous condition caused him to slip and fall and hit his head on the floor. Bowens argues that prison officials failed to provide him with a pair of slip-resistant safety boots, even though he had been told he would receive a pair. According to Bowens, prison officials were aware both of the hazardous condition and the fact he did not have safety boots prior to the incident.

The Fifth Circuit, and other courts, have frequently rejected constitutional claims arising from slip and fall accidents. *See Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014).

"[T]he existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards." *Id.* at 764. As a matter of law, "slip-and-fall claims almost never serve as the predicate for constitutional violations". *Id.* Slip and fall lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983". *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995). As the United States Supreme Court has explained: "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Based on the foregoing, the Court finds Bowens has failed to state a constitutional claim for the slip and fall incident of July 17, 2017.

**Inadequate Medical Care**

Bowens also argues he received inadequate medical care for the injuries sustained when he slipped and fell on the kitchen floor. To state a constitutional claim for denial of adequate medical care, a plaintiff must demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Constitution guarantee prisoners "only adequate, not optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845, at *4 (E.D. La. Apr. 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner

disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). A delay in medical care may, under certain circumstances, state a claim for constitutionally inadequate medical care. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Id.* at 195. However, "the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Disagreements about whether an inmate should be referred to a specialist as part of ongoing treatment do not constitute deliberate indifference. *See Alfred v. Texas Dep't of Criminal Justice*, No. 03-40313, 2003 WL 22682118, at *1 (5th Cir. Nov.13, 2003); *Hickman v. Moya*, No. 98-50841, 1999 WL 346987, at *1 (5th Cir. May 21, 1999).

Contrary to Bowens' contention, he did receive constitutionally adequate medical care. Defendants Cooper and Parker were not deliberately indifferent to his medical condition. The incident occurred on July 17, 2017. Bowens informed his supervisor, Defendant Johnnie Muldrew, of the incident by the next day, July 18, 2017. Once Muldrew learned of the incident, she sent Bowens to the medical department where he was examined by Defendant Nurse Susan Cooper. Nurse Cooper examined Bowens on July 18th, the day after the slip-and-fall incident. She provided Bowens with Tylenol and told him to stay off work a few days. The medical records indicate Nurse Cooper performed a "neuro check" and examined Bowens' head for swelling. She instructed him to return to medical if the injury worsened.

On July 20, 2017, Plaintiff returned to medical because his head still hurt. Nurse Cooper and Nurse Grace Ford saw Plaintiff. He was given a "neuro check" and treated with medication for the pain. One week later, on July 27, 2017, Defendant Officer Rodney Parker transported

6

Bowens to the South Mississippi Correctional Institution (SMCI), in Greene County. At SMCI, Bowens received an x-ray. He alleges he overheard Nurse Beasley tell Officer Parker that Bowens had a skull fracture. Bowens further alleges Nurse Beasley recommended to Officer Parker that he take Plaintiff to the emergency room in Greene County. According to Bowens, Nurse Beasley contacted the Greene County ER and made arrangements for him to be examined there. Instead, Officer Parker transported Bowens back to SCRFC along with other inmates. After dropping off the other inmates at SCRFC, Officer Parker then transported Bowens to the Stone County Hospital Emergency Room that same day. Additional x-rays were taken at the Stone County ER, and Bowens was diagnosed with a mild degenerative disc in the cervical area and post-concussion syndrome. Bowens admits that the x-ray from Stone County did not reveal a skull fracture. Plaintiff was transferred back to SMCI where he received treatment for four days, which included Tylenol. Plaintiff alleges headaches, memory loss, and blurred/lost vision resulting from the head injury.

Bowens testimony and the medical records are essentially in agreement. They demonstrate Plaintiff received ongoing medical care from the moment he reported his head injury. Treatment included pain medication, neuro examinations, x-rays, and a visit to the emergency room. At most, Plaintiff alleges a three-hour delay in medical treatment from the time he left SMCI until Officer Parker delivered him to the Stone County Emergency Room. Bowens appears to believe he should have been taken to the Greene County Emergency Room rather than transported back to Stone County. Bowens admits he was examined at Stone County the same day he received the x-ray at SMCI. He also asserts he should have been taken to the emergency room sooner than July 27, 2017. Bowens does not identify any worsening of his condition or additional suffering that resulted from any alleged delay in emergency room care.

In other words, he fails to identify a substantial harm suffered as a result of the delay. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). In the 10-day interim between the incident and his examination at the ER, Bowens received ongoing medical treatment. At most, Bowens simply states a disagreement with the course of his treatment rather than deliberate indifference to his condition.

**Motion to Strike**

On March 28, 2019, the parties completed briefing on Defendants' motion for summary judgment. Bowens then filed a sur-reply on April 5, 2019; however, he did so without first seeking permission of the Court. Doc. [77]. Defendants filed a motion to strike the pleading as unauthorized. Doc. [78]. In response, Bowens argues Defendants addressed new issues in their reply. Doc. [79] at 1. Bowens fails to identify which new issues were raised in Defendants' reply. Nor is it apparent from review of the three-page "sur-reply", which "new issues" Bowens is addressing.

Local Uniform Civil Rule 7(b) does not contemplate the filing of a sur-reply or sur-rebuttal. "Leave of court is required to file an additional brief because the movant is generally entitled to file the last pleading." *Prater v. Wilkinson Cty., Miss.*, No. 5:13-cv-23-DCB-MTP, 2014 WL 5465372, at *3 (S.D. Miss. Oct. 28, 2014) (internal quotation marks omitted). Unless requested or permitted by the Court, no response to the reply brief is allowed. *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991). Sur-replies are "highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001); *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263 (W.D.La. July 13, 2011) ("[s]urreplies are heavily

disfavored by courts."). Based on the foregoing, the Court finds Defendants' motion to strike should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED Defendants' [68] Motion for Summary Judgment is GRANTED and Deontra Bowens' 42 U.S.C. § 1983 prisoner civil rights complaint is hereby dismissed with prejudice as to all claims and all Defendants. In the alternative, Bowens' complaint is dismissed without prejudice based on his failure to exhaust administrative remedies.

IT IS FURTHER ORDERED that Defendants' [78] Motion to Strike is GRANTED.

SO ORDERED AND ADJUDGED, this the 26th day of February 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE